# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEPHANIE THOMAS,

        Plaintiff,

vs.

STANDARD INSURANCE COMPANY, et al.,

        Defendants.

Case No.: 2:07-cv-00491-GMN-GWF

**ORDER**

Pending before the Court is Defendant Variable Annuity Life Insurance Company's ("VALIC") Motion for Summary Judgment (ECF No. 56), which Defendant TIAA-CREF and Counter-Defendant Samantha Thomas joined (*see* ECF Nos. 65 & 63). Also pending is Defendant Standard Insurance Company's ("Standard") Motion for Summary Judgment (ECF No. 57), which Defendant TIAA-CREF and Counter-Defendant Samantha Thomas also joined (*see* ECF Nos. 65 & 63). Finally, Counter-Defendant Samantha Thomas has filed her own Motion for Summary Judgment (ECF No. 64). Although the last of these Motions was filed on April 11, 2011, Plaintiff Stephanie Thomas has failed to file a Response to any of them. In fact, no opposition has been filed to any of these Motions. For the reasons that follow, all three of these Motions will be granted, though the Court will reserve judgment on the request for attorneys' fees raised in Standard's Motion (ECF No. 57) until the hearing scheduled for July 28, 2011.

## I. FACTUAL BACKGROUND

Plaintiff Stephanie Thomas commenced this lawsuit against Defendants in state court, seeking insurance and retirement benefits she claimed were due to her following the death of her husband. However, Defendants refrained from paying her those benefits because she was a

person of interest in the Henderson Police Department's investigation of her husband's murder.

After removal to this Court, Defendant Standard filed a counterclaim to interplead the disputed benefits in its possession, (*see* ECF No. 3). Stephanie Thomas was named a counter-defendant in that counterclaim, as was Samantha Thomas--Stephanie's daughter--who is the contingent beneficiary of the Standard policy. Defendant TIAA-CREF filed a similar counterclaim (ECF No. 12), in which it requested that the Court enter a declaratory judgment declaring that Defendant TIAA-CREF is not liable to Stephanie Thomas.

Plaintiff Stephanie Thomas subsequently pleaded guilty to murdering her husband and a judgment of conviction was entered on November 5, 2010. (J. of Conviction, Ex. 1, ECF No. 64.) Defendants contend that this conviction for second degree murder operates to bar Plaintiff Stephanie Thomas from recovering the disputed funds pursuant to Nev. Rev. Stat. § 41B.010, *et seq.*, the "slayer statute."

Accordingly, VALIC, TIAA-CREF, and Samantha Thomas have requested that the Court rule that, as a matter of law, Plaintiff Stephanie Thomas is not entitled to the funds administered by VALIC in her husband's name. (*See* Mot. for Summ. J., ECF No. 56.) Similarly, Standard, TIAA-CREF, and Samantha Thomas have requested that the Court enter summary judgment with regard to Plaintiff Stephanie Thomas's claims against Standard. (*See* Mot. for Summ. J., ECF No. 57.) They also request attorney's fees "because [Stephanie] Thomas refused to dismiss her groundless claims voluntarily." (*Id.* at 2:23-24.) TIAA-CREF further requests that the Court release it from liability as to Plaintiff; declare that TIAA-CREF owes nothing to Plaintiff; and declare that Samantha Thomas is entitled to the disputed funds held by TIAA-CREF. (Joinder, ECF No. 65.) Finally, Samantha Thomas requests an order declaring that she is entitled to the funds interpled by Standard; the funds held by TIAA-CREF and VALIC; and the funds awardable through any other instrument wherein the deceased named Stephanie Thomas as the primary beneficiary and Samantha Thomas as the

secondary/contingent beneficiary.

## II.    SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and

the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   ANALYSIS**

    **A.   Facts not in dispute**

The parties do not dispute that Stephanie Thomas pleaded guilty to the second degree murder of her husband and that a judgment of conviction was subsequently entered. Indeed, the parties have submitted a copy of Stephanie Thomas's Guilty Plea Agreement, (Ex. 6, ECF No. 57), as well as her Judgment of Conviction, (Ex. 1, ECF No. 64). The Court can, and does, take judicial notice of these public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689

(9th Cir. 2001).

It is also undisputed that Lawrence Thomas--Stephanie Thomas's deceased husband--listed Stephanie Thomas as the primary beneficiary and Samantha Thomas as the secondary/contingent beneficiary of his group life and accidental death and dismemberment policies with Standard, (*see* Ex. 2, ECF No. 57); his two retirement accounts held by VALIC, (*see* VALIC's Mot. for Summ. J. 2, ECF No. 56; Compl. ¶¶ 12-13, Ex. 1, ECF No. 1); and his two retirement accounts administered by TIAA-CREF, (*see* Ex. A, ECF No. 65.)

### B. Stephanie Thomas is not entitled to the funds held by Defendants, but Samantha Thomas is entitled to those funds

Because Plaintiff Stephanie Thomas would bear the burden at trial of proving that she is entitled to the funds interpleaded by Standard and held by VALIC and TIAA-CREF, those Defendants can be awarded summary judgment if they negate an essential element of Plaintiff's claim. Here, they are able to parry Plaintiff's claim by invoking Nevada's "slayer statute."

Pursuant to Nev. Rev. Stat. § 41B.310(1), "a killer of a decedent forfeits any appointment, nomination, power, right, property, interest or benefit that, pursuant, to the provisions of a governing instrument executed by the decedent or any other person, accrues or devolves to the killer based upon the death of the decedent." Here, Plaintiff Stephanie Thomas is indisputably the "killer" of Mr. Thomas[1] and, as such, is not entitled to receive the benefits of his insurance policies or retirement plans in which she was listed as the primary beneficiary.

---

[1] Nev. Rev. Stat. 41B.250(1) provides:

> If a court in this state or any other jurisdiction enters a judgment of conviction against a person in which the person is found to have been a culpable actor in the felonious and intentional killing of a decedent:
> (a) The conviction conclusively establishes for the purposes of this chapter that the person feloniously and intentionally killed the decedent; and
> (b) The person shall be deemed to be a killer of the decedent.

Nev. Rev. Stat. 41B.250(3)(c) then explains that a "killing in this state that constitutes murder of the first or second degree . . . or voluntary manslaughter . . . shall be deemed to be a felonious and intentional killing." The Eighth Judicial District Court for Clark County, Nevada entered a Judgment of Conviction adjudicating Plaintiff guilty of the second degree murder of Mr. Thomas; therefore, Plaintiff is indisputably his "killer."

Accordingly, Defendants Standard, VALIC, and TIAA-CREF are entitled to summary judgment as to Plaintiff Stephanie Thomas's claims against them, as all of her claims are premised on her alleged entitlement to the funds controlled by Defendants. Plaintiff Stephanie Thomas has failed to submit any filing contesting Defendants' right to summary judgment.

Further, Samantha Thomas is entitled to recover the proceeds of the disputed funds interpleaded by Standard and held by VALIC and TIAA-CREF. Nev. Rev. Stat. § 41B.310(3) provides that "[i]f a killer of a decedent forfeits any appointment, nomination, power, right, property, interest or benefit pursuant to this section, the provisions of each governing instrument affected by the forfeiture must be treated as if the killer had predeceased the decedent." Thus, the Court must embrace this legal fiction and interpret the policies and accounts at issue in this case as though Plaintiff Stephanie Thomas had died before Mr. Thomas. Viewing the policies and accounts in this light, Samantha Thomas, as the only secondary/contingent beneficiary, is entitled to their proceeds.

VALIC and TIAA-CREF explicitly agree with this conclusion, writing, respectively: "Neither Plaintiff, nor VALIC disputes that Plaintiff's daughter, Cross-Claimant Samantha Thomas, is the sole contingent beneficiary entitled to the Account Proceeds," (Supplement 2:6-7, ECF No. 60), and, "Samantha Thomas is the sole beneficiary of the retirement account proceeds . . . The Court should therefore order the retirement account proceeds administered by TIAA-CREF on behalf of Mr. Thomas be paid to Samantha Thomas . . . ." (Joinder 2:17-20, ECF No. 65). The Court will do so, and will therefore grant Samantha Thomas's Motion for Summary Judgment (ECF No. 64), finding that she is entitled to the funds interpleaded by Standard and the proceeds of the accounts administered by VALIC and TIAA-CREF. Plaintiff Stephanie Thomas has not contested Samantha Thomas's entitlement to these funds.

### C. Request for Attorneys' Fees

Standard--as well as TIAA-CREF and Samantha Thomas, through their joinder to

Standard's Motion--also requests attorneys' fees from Plaintiff because Plaintiff allegedly refused to stipulate to the dismissal of her claims even when it became apparent that they were groundless, thereby forcing Defendants to spend money drafting the instant Motions for Summary Judgment. (*See* Mot. for Summ. J. 5:2-11, ECF No. 57.)

The Court will reserve its ruling on this request until the hearing scheduled for **Thursday, July 28, 2011 at 2:30 p.m.**, at which point the Court will determine whether there is evidence in the record supporting the proposition that Plaintiff maintained her claims "without reasonable grounds or to harass the other part[ies]." *See Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995).  **Parties seeking attorneys' fees are advised to bring to that hearing an itemized list of the fees they are seeking.**

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Variable Annuity Life Insurance Company's Motion for Summary Judgment (ECF No. 56), to which Defendant TIAA-CREF and Counter-Defendant Samantha Thomas joined, is **GRANTED**, though the Court reserves judgment on the attorneys' fees issue at this time.

**IT IS FURTHER ORDERED** that Defendant Standard Insurance Company's Motion for Summary Judgment (ECF No. 57), which Defendant TIAA-CREF and Counter-Defendant Samantha Thomas also joined, is **GRANTED**.

**IT IS FURTHER ORDERED** that Counter-Defendant Samantha Thomas's Motion for Summary Judgment (ECF No. 64) is **GRANTED**.  **The Court Clerk is hereby ordered to release the interpled funds to Counter-Defendant Samantha Thomas**.

DATED this 14th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge