# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEPHANIE THOMAS, | ) | Case No.: 2:07-cv-00491-GMN-GWF |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| STANDARD INSURANCE COMPANY, an | ) | |
| Oregon corporation; WESTERN INSURANCE | ) | |
| SPECIALTIES, INC., a Nevada corporation; | ) | |
| TIAA-CREF INDIVIDUAL & INSTITUTIONAL | ) | |
| SERVICES, LLC, a Delaware limited liability | ) | |
| company; VALIC RETIREMENT SERVICES | ) | |
| COMPANY, a Texas corporation; and ROE | ) | |
| CORPORATIONS I through XII, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is a Motion for Relief from Order Awarding Attorney's Fees and Costs and Associated Judgment ("the Motion"), submitted by Roger P. Croteau and Timothy E. Rhoda ("Counsel"). (ECF No. 92.)  Counsel requests relief from the Court's Order Awarding Attorney's Fees and Costs (ECF No. 87) and the corresponding Judgment (ECF No. 88). Defendants have filed no opposition to the Motion.

## I.   BACKGROUND

Plaintiff's husband was murdered in May 2006.  As the primary beneficiary of his insurance policies and retirement accounts, she sued Defendants in September 2006 for release of the proceeds.  Defendants would not release the funds because they were informed that Plaintiff was not cleared as a suspect in the murder and that she had been declared a "person of interest."  Plaintiff filed for Chapter 13 bankruptcy in June 2007 and the case was stayed in July 2007. (ECF Nos. 14, 16.)  Plaintiff was indicted for her husband's murder in March 2008.  In

July 2008, although the automatic bankruptcy stay was no longer in effect, since Plaintiff had dismissed her bankruptcy petition, the stay was continued pending resolution of Plaintiff's criminal prosecution. (ECF Nos. 21, 23.)  On August 27, 2010, Plaintiff pled guilty to Second Degree Murder of her husband. (*See* Status Report, Oct. 25, 2010, 2:¶2, ECF No. 39.)

Counsel claim that their communication with Plaintiff was limited because Plaintiff was represented by separate counsel for her criminal proceeding, and because the instant case was stayed.  Counsel also claims that they had no prior notice before Plaintiff pled guilty to Second Degree Murder in August 2010.  Counsel further claim that Plaintiff continued to maintain her innocence despite the plea.  According to Counsel, they were concerned that Plaintiff might later recant and they therefore suggested that Defendants file Motions for Summary Judgment with the understanding that no real opposition existed.

However, in a Status Report signed by Counsel Roger Croteau, and submitted to the court on October 25, 2010, the following was admitted:

3.  Per a conversation on October 25, 2010, between counsel for Standard and counsel for Stephanie Thomas, Stephanie Thomas now acknowledges that applicable law precludes payment of the death benefits to her.  Stephanie Thomas further has indicated that she will disclaim her rights as primary beneficiary under the policies in favor of Samantha M. Thomas...."

* * *

7.  Standard and Stephanie Thomas will file a stipulation to dismiss Stephanie Thomas's claims against Standard.

(Status Report, Oct. 25, 2010, 2-3:¶3, 7, ECF No. 39.)

No stipulation to dismiss was filed.  The stay was lifted in January 2011. (ECF No. 50.) On February 25, 2011, counsel for Standard sent a letter to Counsel Roger Croteau requesting a stipulation to dismiss, and enclosed a copy of the stipulation. (Ex. 7 to Def. Motion for Summ.

J., ECF No. 57-10.)  In the letter, counsel for Standard noted previous efforts to obtain a stipulation to dismiss, including:

> (1) a faxed letter requesting a stipulation to dismiss, sent in December 2009;
>
> (2) an admission by Karen Beeler, Counsels' employee, on December 17, 2009, requesting that counsel for Standard send a stipulation to dismiss and accepting the proposed stipulation;
>
> (3) unreturned phone calls on December 21 and 23, 2009 and on January 20 and 25, 2010;
>
> (4) a phone call on February 2, 2010, from Karen Beeler letting counsel for Standard know that Counsel Croteau "needed to speak with Ms. Thomas in jail before [he] could approve the stipulation;
>
> (5) a conversation with counsel for Standard on October 25, 2010, in which Counsel Croteau "indicated that [he] hadn't had any real contact with Ms. Thomas, but that she would stipulate to dismiss her claims against Standard."; and
>
> (6) unreturned phone calls on January 14, 19, and 28, 2010.

(Ex. 7 to Def. Motion for Summ. J., ECF No. 57-10.)  Motions for Summary Judgment were filed by Defendants VALIC and Standard on March 18, 2011. (ECF Nos. 56-57.)

At the status conference hearing before the magistrate judge on March 21, 2011, Counsel Timothy Rhoda represented that Counsel Roger Croteau had been handling the case "for the most part." (ECF No. 59.)  Counsel Rhoda also admitted that Plaintiff had been in custody at the detention center, and that he was not sure whether Counsel Croteau had gone to see Plaintiff there. (*Id.*)  In response, counsel for Standard explained that Standard had been "trying to work with Mr. Croteau to get a stipulation to dismiss on file for well over a year now." (*Id.*)

The court granted Defendants' Motions for Summary Judgment in July 2011, as well as Samantha Thomas' Joinder (ECF No. 64). (ECF No. 75.)  The court then scheduled a hearing on

Standard's request for attorney's fees. (ECF No. 75.)  Counsel claim that they did not appear for the hearing on July 28, 2011, because they had no substantive opposition to the Motions, based on their understanding that the requested attorney's fees were to be assessed against Plaintiff, not Counsel.  However, the court's Minutes stated that "the reason for today's hearing is to clarify against whom counsel are requesting sanctions (the Plaintiff, Stephanie Thomas, or individual counsel)." (ECF No. 79.)  At this hearing, counsel for Standard represented that they had drafted and submitted a proposed stipulation of dismissal to Counsel multiple times. (ECF No. 79.)  The court noted that bad faith was present in this case on the part of Counsel. (ECF No. 79.)  Due to Counsels' failure to appear, the court scheduled another hearing and further ordered that Counsel "shall appear before this Court on Friday, August 12, 2011… and Show Cause why Sanctions should not be imposed under 18 U.S.C. § 1927." (ECF No. 79.)

At the August 12, 2011 hearing, the court found that Counsel "failed to dismiss the case with knowing recklessness and multiplied the proceedings by forcing the other Defendants to file their motions for summary judgment." (ECF No. 83.)  Also, the court made a "finding that there is bad faith or certainly conduct that's tantamount to bad faith and that [Counsel] were reckless and … pursu[ed] this apparently frivolous claim either for harassment or some other improper…purpose." (ECF No. 83.)

Counsel claim that they failed to appear at this second hearing on August 12, 2011, because the notice for the Order to Show Cause could not be located after Counsels' receptionist signed for it, and that Counsel were never aware of the notice.  Counsel also claim that Counsels' office manager was under the impression that Counsel was no longer actively involved in the case, and she therefore failed to open and read the ECF email transmission of the notice.

The court entered its Order Awarding Attorney's Fees and Costs on August 24, 2011. (ECF No. 87.)  Counsel were held jointly and severally liable for the attorney's fees incurred by

Defendants Standard Insurance Company and VALIC Retirement Services Plan. (*Id.*) The court found that Counsel "'multiplie[d] the proceedings in [the] case unreasonably and vexatiously' by failing to stipulate to dismiss claims against Standard and VALIC when it became clear those claims had no merit, making an award of attorneys' fees appropriate under 28 U.S.C. § 1927." (*Id.*) The court further found that "the attorneys' fees are awardable under the inherent sanction power of the Court." (*Id.*)

## II.   ANALYSIS

Counsel request that this court grant the Motion under Fed. R. Civ. P. 60(b)(1) or 60(b)(6), which provide:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief.

Counsel cite to only two cases in support of their Motion – *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

In *Pioneer*, the U.S. Supreme Court explained that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." The Court expressed its "substantial agreement with the factors identified by the [Sixth Circuit] Court of Appeals" in determining excusable neglect where a creditors' counsel in a bankruptcy proceeding failed to file a timely proof of claim under Bankruptcy Rule 9006(b). 507 U.S. at 395. These factors included "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. The Court also discussed Rule

60(b)'s similarity in language to Bankruptcy Rule 9006(b). *Id.* at 393-95.

In *Briones*, the Ninth Circuit Court of Appeals held that "the equitable test set out in *Pioneer* applies to Rule 60(b)," and used the four factors as "a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect" in a case involving the untimely filing of an opposition to a motion to dismiss by a *pro se* Plaintiff.  116 F.3d at 381.

However, "excusable neglect" can only be construed as a defense against further sanctions by the court for Counsels' failure to appear for hearings in this case and failure to respond to the court's Order to Show Cause (ECF 79).  The court's Order Awarding Attorney's Fees and Costs was issued under 28 U.S.C. § 1927 for Counsels' failure "to stipulate to dismiss claims against Standard and VALIC when it became clear those claims had no merit." (Order, August 24, 2011, 2:22-24, ECF No. 87.)  The court further found that "attorneys' fees are awardable under the inherent sanction power of the Court." (*Id.* at 2:24-25.)

The Ninth Circuit Court of Appeals has held that "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).  "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument.'" *Primus Auto. Fin. Servs., Inc. v.* Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996).  Other courts have held that intentional or reckless disregard of attorney's duties to the court is sufficient to show bad faith. *See, e.g., Mortice v. Providian Financial Corp.*, 283 F.Supp.2d 1084 (D. Minn. 2003).

Other jurisdictions have upheld the imposition of sanctions on attorneys who fail to dismiss claims that are no longer viable.  *See, e.g., The Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (noting that "[w]e have also interpreted § 1927 'to impose a continuing duty upon attorneys to dismiss claims that are no longer viable.'") (citing *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990)).

Other jurisdictions have also recognized that "[a]n attorney has a 'professional duty to dismiss a baseless law suit, even over the objection of his client, and to do it promptly when he learned that his client had no case.'" *Swanson v. EMC Mortg. Corp.*, 2010 WL 1173089, at *6 (E.D. Cal. March 23, 2010) (quoting *Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248, 1251 (D.Minn. 1984)) (imposing sanctions under section 1927 and the court's inherent power where Plaintiff's Counsel "unreasonably and vexatiously multiplied this Court's proceedings to require [Defendant] to incur unnecessary attorney fees and this Court to address meritless claims against [Defendant]" and where claims against Defendant were time-barred).

The underlying principle on which this duty is based has been succinctly described: "Attorneys are officers of the court and their first duty is to the administration of justice. Whenever an attorney's duties to his client conflict with those he owes to the public as an officer of the court, he must give precedence to his duty to the public.  Any other view would run counter to a principled system of justice." *Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248, 1251 (D. Minn. 1984) (citing *Theard v. United States*, 354 U.S. 278, 281 (1957); Minnesota Code of Professional Responsibility EC 7–10, DR 7–102(A)(1)).

The court finds these cases persuasive.  The court also finds that Counsels' arguments attempting to excuse their failure to stipulate to dismissal are unpersuasive.  Furthermore, Counsel presents no evidence that Plaintiff was the reason for the failure to stipulate to dismissal.  As addressed previously by this court, despite the fact that Plaintiff's claims no longer had merit after her guilty plea, Counsel failed to dismiss the claims against Defendants even after a stipulation of dismissal was prepared by Defendants' counsel and tendered to Counsel.  Counsels' behavior in knowingly refusing to dismiss a frivolous argument and their intentional disregard of Counsels' duties to the court are tantamount to bad faith.  Accordingly, the court finds that Counsel have presented no evidence justifying relief from the Order Awarding Attorney's Fees.

III.    **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Relief from Order Awarding Attorney's Fees and Costs and Associated Judgment (ECF No. 92) is **DENIED**.

DATED this 7th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge